IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE A. WELLING<br>38 Osprey Village Drive<br>Amelia Island, Florida 32034<br><br>           Plaintiff<br><br>      v.<br><br>ADAMS MORGAN HOTEL OWNERS, LLC<br>t/a THE LINE DC<br>Serve:  National Registered<br>        Agents, Inc.<br>        1015 15th Street, N.W.<br>        Suite 1000<br>        Washington, D.C.  20005<br><br>        and<br><br>SYDELL GROUP, LLC<br>Serve:  National Registered<br>        Agents, Inc.<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, D.C.  20005<br><br>           Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO.<br>:<br>: JURY PRAYED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

Louise A. Welling, Plaintiff, through counsel sues Defendants Adams Morgan Hotel Owners, LLC, and Sydell Group, LLC, alleging as cause:

### JURISDICTION

Jurisdiction is proper in this Court under 28 U.S.C. 1332 in that Plaintiff is a citizen of the State of Florida. The Defendant Adams Morgan Hotel Owners, LLC, is a Delaware Limited Liability Company and is an entity doing business through hotel

LAW OFFICES
ELLIS J. KOCH
904 HUBBARD DRIVE
ROCKVILLE, MD 20852

(301) 231-9480
FAX (301) 881-9465
KOCHLAW@MSN.COM

ownership in the District of Columbia under the registered trade name The Line DC (File No. TN0005461702). The Sydell Group, LLC, is an entity doing business in the District of Columbia and is a District of Columbia registered entity under Registration Number L00005484819. The amount in controversy exceeds $75,000.00.

## PARTIES

1. Louise A. Welling (Ms. Welling) is an individual residing at 38 Osprey Village Drive, Amelia Island, Florida 32034, who was a business invitee of Defendants.

2. Adams Morgan Hotel Owners, LLC, ("Adams Morgan") is the owner of the property in the District of Columbia known as The Line DC located at 1770 Euclid Street, N.W., Washington, D.C. 20009.

3. Sydell Group, LLC ("Sydell") is the manager of the hotel known as The Line DC engaged by Adams Morgan for that purpose.

## STATEMENT OF FACT

4. On August 11, 2018, Ms. Welling attended a wedding reception at The Line DC, a part of which was a cocktail reception on the roof terrace at The Line DC. Because of inclement weather, it was relocated to the ground floor. There is one bank of elevators for guests that is in the newer portion of the hotel. Ms. Welling took the elevators to the ground

floor to proceed to the relocated cocktail reception. She was proceeding to the cocktail reception area which was through the main decorated reception area. With her was her husband, Bert Welling, and a relation in a wheelchair. A hotel staff member permitted the wheelchair-bound relation to proceed directly to the relocated cocktail area. Ms. Welling and her husband were told they could not proceed through the main reception area but were instructed to take the elevator back up to the main level, go around to the front of the hotel, and proceed down the stairway to get to the relocated cocktail reception. The Wellings having no other choice complied with the instructions. The stairway is a two-level stairway. The first level ends on an intermediate landing. You then proceed from that intermediate landing turning to the left to a second level of stairs to descend to the ground floor. It is on the steps at or near the bottom of that second level of stairs where the fall occurred.

    5.    The second level of stairs where the fall occurred does not have handrails on either side that extend to the bottom of the stairs. The handrails end three steps from the bottom, such that when Ms. Welling descended the stairs, holding onto the handrail as long as she could, she was unable to hold onto any safety support near the bottom of the stairs to protect herself and prevent a fall.

6. Sydell was engaged to make all the arrangements for the wedding event recited above. As such, Ms. Welling was also a business invitee of Sydell. Sydell as an experienced hotel manager knows or should have known about safety conditions on stairways concerning handrails. Sydell owed a duty of care to Ms. Welling, including but not limited to a duty to warn.

7. The failure to provide a protective handrail for the full length of the stairs to ensure the safety of any person descending the stairs provided a hazardous condition that was known or should have been known to Defendants.

8. The failure to provide a protective handrail for the full length of the stairs to ensure the safety of any person descending the stairs was in violation of known standards of safety for a stairway of that nature.

9. The failure to provide a protective handrail for the full length of the stairs to ensure the safety of any person descending the stairs was a negligent act by Defendants.

10. By failing to provide a full-length protective handrail, Defendants breached their duty of care to Ms. Welling, including but not limited to a general duty of care, a duty to give notice and the duty to provide a safe environment.

11. Defendants' breach of its duty of care was the proximate cause of the injuries suffered by Ms. Welling.

12. At all times, Ms. Welling exercised due care for her own safety, assumed no risk and was not contributorily negligent in any way.

13. The failure to provide handrails to the bottom of the stairway was in willful, wanton and reckless disregard for the health and safety of Ms. Welling.

14. As a direct consequence of the failure to provide the necessary handrail, Ms. Welling fell and suffered a broken hip and femur which required surgery and a hip replacement and extensive bruising of her body. Additionally, she has experienced and continues to experience balance issues, as well as past, present and ongoing pain.

15. In addition to the physical injuries set forth above, Ms. Welling has suffered emotional trauma manifested as avoidance of computer contact with friends and relatives, low spirits as a consequence of her inability to enjoy life as she had previously done and anxiety issues as a consequence of her concern about her future ability to enjoy life.

16. Ms. Welling has suffered further injury because of loss of life style pleasures consisting of loss of enjoyment of life, inability to travel, inability to visit family at their homes in other cities, hiking, swimming, lack of mobility and inability to walk without additional support all which are no longer enjoyed as a consequence of the fall.

## COUNT I
### (ADAMS MORGAN)

17. Plaintiff incorporates Paragraphs 1 through 13 and 14 through 16 as if substantially restated.

18. Adams Morgan breached its duty of care to Ms. Welling causing the injuries recited above. Such duty of care includes but is not limited to the general duty of care, the duty to give notice and the duty to provide a safe environment.

WHEREFORE, Plaintiff claims of Defendant Adams Morgan in the sum of $1 million in consequential damages plus costs and attorney's fees.

## COUNT II
### (ADAMS MORGAN)

19. Plaintiff incorporates Paragraphs 1 through 8 and 12 through 16 as if substantially restated.

20. Adams Morgan acted in wanton, willful and reckless disregard for the health and safety of Ms. Welling by failing to provide handrails for safety to the bottom of the stairway in disregard of safety standards.

WHEREFORE, Plaintiff claims of Defendant Adams Morgan in the sum of $500,000.00 in punitive damages plus costs and attorney's fees.

## COUNT III
### (SYDELL)

21. Plaintiff incorporates Paragraphs 1 through 12 and 14 through 16 as if substantially restated.

22. Sydell had management and oversite responsibility for the operation of The Line DC and management and oversite responsibility for the wedding event set forth above.

23. Sydell had full knowledge that there were no handrails extending to the bottom of the stairway and failed to provide any warning of the danger or take protective measures to protect the safety of Ms. Welling.

24. Sydell breached its duty of care owed to Ms. Welling, including but not limited to a general duty of care, the duty to give notice and the duty to provide a safe environment.

25. As a direct and proximate consequence of the negligent failure of Sydell to act to protect Ms. Welling, she suffered the injuries and consequences recited above.

WHEREFORE, Plaintiff claims of Defendant Sydell in the sum of $1 million in consequential damages plus costs and attorney's fees.

## COUNT IV
### (SYDELL)

26. Plaintiff incorporates Paragraphs 1 through 8 and 12 through 16 as if substantially restated.

27. Sydell had management and oversite responsibility for the operation of The Line DC and management and oversite responsibility for the wedding event set forth above.

28. Sydell had full knowledge that there were no handrails extending to the bottom of the stairway and failed to provide any warning of the danger or take protective measures to protect the safety of Ms. Welling.

29. Sydell having full knowledge of the danger and taking no action to protect Ms. Welling acted in a willful, wanton and reckless disregard for the health and safety of Ms. Welling.

WHEREFORE, Plaintiff claims of Defendant Sydell in the sum of $500,000.00 in punitive damages plus costs and attorney's fees.

_____
ELLIS J. KOCH, ESQUIRE
I.D. No. MD05356
5904 Hubbard Drive
Rockville, MD 20852
301-231-9480
Kochlaw@msn.com

JURY DEMAND

Plaintiff prays trial by jury on all claims.

_____
ELLIS J. KOCH, ESQUIRE